## Hallett v. Frankel et ux.

*R. K. Wagner* and *J. H. Wagner, Jr.*, for complainant.

*O. Rosenbaum*, for respondents.

FLOOD, J., November 9, 1946.—This is a bill of complaint praying that plaintiff be reinstated as tenant in premises 7128 Ogontz Avenue, Philadelphia, Pa., and also praying that plaintiff be reimbursed for expenses incurred in connection with an improper eviction from the premises.

The bill alleges that plaintiff has been lessee and tenant of the premises since 1934 under a month-to-

month lease signed May 17, 1934; that on December 7, 1945, he received an "eviction certificate" from the Office of Price Administration; that the said certificate was issued on the ground that defendants were buying the premises and desired to use same for their own personal dwelling; and that as a result of the aforementioned notice, plaintiff vacated the premises on March 18, 1946. Plaintiff also avers that defendants, instead of moving into the premises themselves, have put the property up for sale and are about to execute a deed of conveyance to a person or persons unknown to plaintiff; that plaintiff has been unable to find suitable shelter for himself and his family in spite of diligent search for same; and that he has been compelled to spend $122.40 for the moving and storage of his goods and furniture. In addition, the bill alleges that plaintiff has filed a petition for the revocation of the eviction certificate and that a hearing on the matter is pending before the Office of Price Administration authorities.

In view of the present Federal statutes and regulations concerning rent control and evictions, we do not think that this court has jurisdiction to hear and decide the matter of plaintiff's eviction from the premises. Plaintiff must seek his remedy in the proper forum and this he has done by filing a petition for the revocation of the eviction certificate. Upon a hearing by the Office of Price Administration authorities, a decision will be made on the question of defendants' bona fides and it may well be that the administrator for the Office of Price Administration will institute injunction proceedings in the proper court in order to reinstate plaintiff as tenant in the premises.

The court therefore makes the following

### Order

And now, to wit, November 9, 1946, the preliminary objections are sustained and the bill is dismissed.